**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

|  |  |  |
|---|---|---|
| **PROMEDICAL, INC.** | ) | |
| | ) | Civil Action No. 1:12-CV-1355 |
| **Plaintiff,** | ) | |
| V. | ) | |
| **3LIONS PUBLISHING, INC.** | ) | JURY DEMANDED |
| **Defendant.** | ) | |

## ORIGINAL COMPLAINT

Plaintiff Promedical Inc. ("Promedical") files this Original Complaint against 3Lions Publishing, Inc. ("3Lions") and respectfully shows as follows:

## PARTIES

1.     Promedical is a Georgia Corporation, authorized to do business in North Carolina and is a purchaser and re-seller of medical equipment with its principal place of business 3800 Lakeview Drive, Pfafftown, North Carolina, 27040. Promedical does business within the Middle District of North Carolina.

2.     On information and belief, 3Lions Publishing, Inc. is a corporation organized and existing under the laws of Florida with its principal place of business at 1001 Starkey Road Lot 18, Largo, Florida, 33771. 3Lions may be served with process by serving its registered agent for service of process, The Digital Business Law Group, P.A., 1001 Starkey Road, Lot 18, Largo, Florida or its sole officer**,** Carlos A. Leyva of the same address.

1

**JURISDICTION AND VENUE**

3.     This civil action seeks declaratory relief arising under federal law, more specifically the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, 1367, 2201, and 2202.

4.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a).

**FACTUAL BACKGROUND**

5.     Promedical is a purchaser and re-seller of medical equipment. Through its websites, www.pmc2.net and www.hln6.com, Promedical provides information to the public concerning Promedical's goods and services as well as information related to the health care field.

6.     On December 10, 2012, Promedical received a letter titled "First Notice of Copyright Infringement" from Carlos Leyva, managing shareholder of the Digital Business Law Group, P.A., which is also 3Lions' registered agent. *See* Ex. 1, December 10, 2012 Letter from Carlos Leyva to Promedical (the "First Demand Letter").

7.     In the First Demand Letter, 3Lions claimed to be the owner, by assignment, of copyright registration number TX 7-194-459 titled "HITECH Survival Guide Website" ("the Work"). *See* Ex. 1 at Ex. A. 3Lions also claimed that the registration covers a document titled "HIPAA Act Summary" (the "Summary"). *See id.*

8.     In the First Demand Letter, 3Lions also alleged that Promedical has "copied, published, and distributed" the Summary in violation of United States copyright laws. *See id.* The basis of 3Lions' allegations was that by Promedical providing a web link to the Summary

and a copy of the Summary on Promedical's website that it had committed copyright infringement. 3Lions then threatened to "pursue all remedies allowed by applicable law" to enforce its copyright. *See id.*

9.     In response to the First Demand Letter, Promedical immediately took down the copy of the Guide and related link. Promedical later learned that, unbeknownst to Promedical, a Promedical intern had posted the copy of the Guide and the link believing it was legal to do so.

10.    Promedical then retained counsel in an attempt to resolve the dispute. In a letter dated December 11, 2012 Promedical's counsel stated that the alleged infringing material and hyperlink to the 3Lions site had been removed and that Promedical had not received any revenue with reference to the alleged infringing material and that Promedical considered the matter closed.

11.    In response to Promedical's Counsel's letter of December 11, 2012, 3Lions, through its Counsel wrote a response email dated December 15, 2012 titled "Second Notification of Copyright Infringement," in which 3Lions proposed a settlement offer in which Promedical would pay "$9500" to 3Lions.  See Ex. 2, December 15, 2012 email from Carlos Leyva, Esq. to Matthew Bryant (the "Second Demand Letter").

12.    Promedical has not infringed any copyright owned by 3Lions. Promedical did not infringe the Work. Promedical did not infringe any right of 3Lions by linking the Summary to its website and providing a copy of the Summary.

13.    The Summary is licensed under the Creative Commons Attribution-Share Alike 3.0 United States License (the "CC License"). *See* Ex. 3, HITECH Act Summary. The CC License permits the licensee to distribute the work if certain conditions are met. *See* Ex. 4, the

Creative Commons License. These conditions include, *inter alia,* providing attribution to the work in the manner specified by the author or licensor. As 3Lions does not specify the manner in which attribution should be made, Promedical clearly disclaimed authorship of the Summary and provided a link to the 3Lions website.

14. To the extent the Summary is copyrighted and registered, Promedical has complied with all of the terms of the CC License. Therefore, Promedical has not infringed on any of 3Lions' valid copyright rights. After receiving the First Demand Letter, Promedical communicated its position to 3Lions and its counsel. They summarily rejected Promedical position and then sent the Second Demand Letter with a demand for an extortion payment of $9,500 was made by December 19, 2012.

15. Upon information and belief, 3Lions is a copyright troll that has improperly threatened to sue numerous entities for copyright infringement related to the Summary and related HIPAA Survival Guide despite knowing that these entities were complying with the CC License and counting on these targets' willingness to pay a sum of money to avoid the costs of litigation. Promedical refuses to meet these extortionist demands and instead files this lawsuit to end 3Lions' improper and fraudulent scheme.

<u>COUNTS</u>

**FIRST COUNT:**
**DECLARATORY JUDGMENT --- NO COPYRIGHT INFRINGEMENT**

16. Promedical refers to and incorporates herein the allegations of Paragraphs 1-15.

17. 3Lions claims to be the owner of the Work. 3 Lions claims that the Summary is covered under the Work's registration. 3Lions alleges that Promedical has infringed its copyright in the Work.

4

18.     Promedical has not and does not infringe any valid copyright allegedly held by 3Lions' in the Work.

19.     An actual case or controversy exists between 3Lions and Promedical because 3Lions has sent two correspondences to Promedical threatening legal action against Promedical for infringement of the Work.

20.     Promedical has been injured and damaged by 3Lions threat of suit for copyright infringement of the Work.

21.     Declaratory relief is appropriate and necessary to establish that Promedical does not infringe, and has not infringed, the Work.

**SECOND COUNT:**
**DECLARATORY JUDGMENT --- LICENSE**

22.     Promedical refers to and incorporates herein the allegations of Paragraphs 1-2 1.

23.     3Lions claims to be the owner of the Work. 3 Lions claims that the Summary is covered under the Work's registration. 3Lions alleges that Promedical has infringed its copyright in the Work.

24.     Promedical has a license to distribute and copy the Summary.

25.     An actual case or controversy exists between 3Lions and Promedical because 3Lions has sent a letter and an email to Promedical threatening legal action against Promedical for infringement of the Work because Promedical provided a copy of the Summary and a link to the 3Lions website to its website. The CC License granted Promedical the right to provide a copy of the summary and link the Summary to its website because Promedical followed the terms of

the CC License.

26.     Declaratory relief is appropriate and necessary to establish that Promedical has and had the CC License to distribute, publish, and copy the Guide.

## THIRD COUNT:
## BREACH OF CONTRACT

27.     Promedical refers to and incorporates herein the allegations of Paragraphs 1-27.

28.     3Lions distributed the Summary under the CC License. Promedical accepted the CC License when it linked the Summary to its website and provided a copy of the Summary on its website.

29.     Promedical has at all times complied with the terms of the license.

30.     3Lions anticipatorily breached the CC License by threatening legal action against Promedical for actions that were permitted under the CC License.

31.     This breach has caused Promedical injury, including requiring Promedical to hire the undersigned counsel to bring this suit.

## REQUEST FOR ATTORNEYS' FEES

32.     Pursuant to 17 U.S.C. § 505, Promedical requests the Court award Promedical its reasonable attorneys' fees when it prevails in this matter.

## JURY DEMAND

33.     Promedical requests a trial by jury on all issues to which it is entitled to a trial by jury.

## PRAYER

WHEREFORE, Promedical prays that this Court:

6

a. A declaration that Promedical does not infringe, and has not infringed, on the Work;

b. A declaration that Promedical was licensed to distribute, publish, and copy the Guide;

c. Award all damages suffered by Promedical as a result of the conduct of 3Lions;

d. Award Promedical reasonable attorneys' fees;

e. Award Plaintiff costs of this action and prejudgment and post-judgment interest; and

f. Order such other relief as the Court may deems appropriate in the circumstances.

Respectfully submitted,

Dated: December 21, 2012

/s/Kenneth C. Otis
NC Bar No. 28005
Hendrick Bryant Nerhood & Otis, LLP
723 Coliseum Drive
Suite 101
Winston Salem, NC 27106
(T)(336)723-7200
(F)(336)723-7201
Email: cotis@hendricklawfirm.com

/s/Matthew H. Bryant
Matthew H. Bryant
NC Bar No. 21947
Hendrick Bryant Nerhood & Otis, LLP
723 Coliseum Drive
Suite 101
Winston Salem, NC 27106
(T)(336)723-7200
(F)(336)723-7201
Email: mbyrant@hendricklawfirm.com